IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

          vs.

VANESSA MENO AGUERO,
RHONDA JEANILLE MENO AGUERO,
(aka RHONDA JAMES) and
JESSE OGO AGUERO,

          Defendants.

) Criminal Case No. CF0263-12
)
)
)
)
)
) DECISION AND ORDER: Defendant
) Jesse Ogo Aguero's Motion to Dismiss
) Indictment & Defendant Vanessa M.
) Aguero's Motion for Bill of Particulars
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 7, 2013, for a hearing on Jesse Ogo Aguero's Motion to Dismiss Indictment. Defendant was represented by Attorney F. Randall Cunliffe. Assistant Attorney Generals Nelson J. Werner and Matthew S. Heibel represented the People of Guam ("the People"). Co-Defendants Vanessa Meno Aguero and Rhonda Jeanille Meno Aguero were also present. Attorney John C. Terlaje represented Vanessa Meno Aguero. Attorney William B. Jones represented Rhonda Jeanille Meno Aguero. The Court also heard Co-Defendant Vanessa M. Aguero's Motion for a Bill of Particulars, joined in by Co-Defendant Jesse O. Aguero. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order DENYING Defendants' motion.

///

Page 1 of 8
CF263-12: People v. Aguero, et. al
Decision & Order: Defendant Jesse O. Aguero's Mot. to Dismiss Indictment & Defendant
Vanessa M. Aguero's Mot. for Bill of Partiulars

## BACKGROUND

Defendants were indicted by a Superior Court of Guam Grand Jury on May 2, 2012. The indictment charged out the following: (1) Two counts of Child Abuse (as a 3rd Degree Felony) against Vanessa Meno Aguero; (2) Child Abuse (as a 3rd Degree Felony) against Rhonda Jeanille Meno Aguero; and (3) Two counts of Child Abuse (as a 3rd Degree Felony) against Jesse Aguero. Indictment (May 2, 2012). Defendants Vanessa Meno Aguero and Rhonda Jeanille Meno Aguero were arraigned on May 9, 2012, and both pleaded not guilty. Super. Ct. of Guam Minute Entry Log No. 12248 (May 9, 2012). Defendant Jesse Ogo Aguero was arraigned on May 25, 2012, and pled not guilty. All defendants in the instant case waived speedy trial. Jury selection and trial was set for January 7, 2013.[1]

## DISCUSSION

**Bill of Particulars**

Co-Defendant Vanessa Meno Aguero "moves [the Court] for a Bill of Particulars, pursuant to 8 GCA § 55.30 on the basis that the charge pled against Ms. Aguero in the Indictment is so vague that it fails to specify the particulars of the offense sufficiently to enable Ms. Aguero to adequately prepare his [sic] defense." Notice of Motion & Motion for a Bill of Particulars at 1 (Nov. 26, 2012). Moreover, Co-Defendant Vanessa M. Aguero argues that [t]he Indictment on its face does not charge Ms. Aguero with an actual crime." Id. at 2. Co-defendant Jesse O. Aguero filed a joinder to the Motion for a Bill of Particulars on November 28, 2012.

The People filed a response to Defendants Vanessa Meno Aguero and Jesse Ogo Aguero's Motion for Bill of Particulars on December 27, 2012. The People argue that "Defendant's motion fails to demonstrate surprise, prejudice, or an increasing risk of double

---

[1] Pursuant to 8 GCA § 80.60, Co-Defendant Rhonda J.M. Aguero entered into a deferred plea agreement on January 8, 2013. Deferred Plea Agreement (Jan. 9, 2013).

Page **2** of **8**
CF263-12: People v. Aguero, et. al
Decision & Order: Defendant Jesse O. Aguero's Mot. to Dismiss Indictment & Defendant
Vanessa M. Aguero's Mot. for Bill of Partiulars

jeopardy stemming from the alleged shortcomings of the Indictment. In addition, defendants have been provided all discovery, including all police reports and the Grand Jury digital recording. Lastly, [the People contend that] a common sense and practical reading of the Magistrate's Complaint and Declaration apprises defendants of the specific acts, dates, and places where the charged crimes occurred." People's Opp'n Mot. at 3 (Dec. 27, 2012).

Guam law provides for Bill of Particulars as follows:

Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 GCA § 55.30 (2005).

"A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). "It is designed to apprise the defendant of the specific charges being presented to minimize the danger or surprise at trial, to aid in preparation and to protect against double jeopardy." Id. "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. Id. (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)).

In review of the instant case, the Court adopts relevant parts of its August 21, 2012 Decision and Order after Defendant Jesse Aguero's Motion to Dismiss based on duplicity and nonconformance to law, as follows:

Guam law sets forth standards for indicting as follows:

CF263-12: People v. Aguero, et. al
Decision & Order: Defendant Jesse O. Aguero's Mot. to Dismiss Indictment & Defendant
Vanessa M. Aguero's Mot. for Bill of Partiulars

(a) An indictment is an accusation in writing, presented by the grand jury to a competent court, charging a person with a felony *or* a felony and a related misdemeanor.

(b) The grand jury *shall* find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it.

(c) *Special Fictitious Name Indictment* means an indictment of a person whose name is unknown but whose identity is established to the satisfaction of a grand jury by means of forensic Deoxyribonucleic Acid (DNA) testing of evidence. The caption of a special fictitious name indictment shall include a fictitious name, such as "John Doe" *or* "Jane Doe", in place of the name of the defendant whose true name is unknown.

8 GCA § 50.54 (2005).

With respect to the form of an indictment or information, local statute requires:

(a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

(b) The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

8 GCA § 55.10 (2005).

The indictment in the case at bar charges the Defendants as follows:

**FIRST CHARGE Count One**
On or about the 21st day of April 2012, in Guam, **VANESSA MENO AGUERO,** did commit the offense of **Child Abuse** when while having a child in her care or custody or under her control, that is, **A.M.A. (DOB: 06-18-1995),** she unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result in death or serious bodily injury in violation of 9 GCA § 31.30(a)(2)(C) and (b).

**Count Two**

Page **4** of **8**
CF263-12: People v. Aguero, et. al
Decision & Order: Defendant Jesse O. Aguero's Mot. to Dismiss Indictment & Defendant Vanessa M. Aguero's Mot. for Bill of Partiulars

On or about the 21st day of April 2012, in Guam, **VANESSA MENO AGUERO**, did commit the offense of **Child Abuse** when while having a child in her care or custody or under her control, that is, **V.C.A. (DOB: 08-12-2011)**, she unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result in death or serious bodily injury in violation of 9 GCA §§ 31.30(a)(2)(C) and(b).

## SECOND CHARGE

On or about the 21st day of April 2012, in Guam, **RHONDA JEANILLE MENO AGUERO (aka RHONDA JAMES)**, did commit the offense of **Child Abuse** when while having a child in her care or custody or under her control, that is, **K.K.A.J. (DOB: 1-10-10)**, she unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result in death or serious bodily injury in violation of 9 GCA §§ 31.30(a)(2)(C) and (b).

## THIRD CHARGE Count One

On or about the 21st day of April 2012, in Guam, **JESSE AGUERO**, did commit the offense of **Child Abuse** when while having a child in his care or custody or under his control, that is, **A.M.A. (DOB: 06-18-1995)**, he unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result death or serious bodily injury in violation of 9 GCA §§31.30(a)(2)(C) and (b).

## Count Two

On or about the 21st day of April 2012, in Guam, **JESSE AGUERO** did commit the offense of **Child Abuse** when while having a child in his care or custody or under his control, that is, **V.C.A. (DOB: 08-12-2011)**, he unreasonably caused or permitted the physical or, emotional health of that child to be endangered, under circumstances likely to result in death or serious bodily injury in violation of 9 GCA §§31.30 (a)(2)(C) and (b).

Indictment: CF263-12 (May 2, 2012).

"It is a cardinal principal of our criminal law that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense." People v. Jones, 2006 Guam 13 ¶ 12 (citing Portnoy v. United States, 316 F.2d 486, 488 (1st Cir. 1963). It is also well established that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are

Page 5 of 8
CF263-12: People v. Aguero, et. al
Decision & Order: Defendant Jesse O. Aguero's Mot. to Dismiss Indictment & Defendant Vanessa M. Aguero's Mot. for Bill of Partiulars

necessarily implied." Id. (citing U.S. v. Givens, 767 F.2d 574, 584 (9th Cir. 1985). Guam law is in accordance with this view, holding an indictment to be sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution of the same offense. Id.

In review of the Indictment, the Court notes that the statutory provision in Guam law is tracked in the manner Defendants are charged for Child Abuse. "The essential facts of an offense are the elements of the crime. See, e.g., United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113 (1953). Moreover, the exact wording in a criminal statute can be used in an indictment in order to satisfy the essential facts requirement. *Id*. The Debrow Court also opined that "[i]t is inconceivable to us how the defendants could possibly be misled as to the offense with which they stood charged. The sufficiency of the indictment [was] not a question of whether it could have been more definite and certain [in that case]. *Id*. With the case at bar, the Three charges against Defendants are all based on 9 GCA § 31.30 (a)(2)(C) and (b). Consequently, as long as the elements of that statutory provision are stated in the Indictment, the essential facts standard in 8 GCA §55.10 is satisfied along with all discovery given to Defendants. Accordingly, the Court finds that the Indictment is sufficient as to the charges contained therein against Defendants.

**Defendant Jesse O. Aguero's Motion to Dismiss**

Defendant Jesse O. Aguero also moves the Court to dismiss the indictment for the People's "failure to set forth facts upon which the Grand Jury could find a violation of 9 GCA §31.30(a)(2)(C) and (b)." Def. Jesse O. Aguero's Mot. to Dismiss Indictment at 1 (Oct. 15, 2012). Defendant Jesse Aguero argues that "[t]here was no evidence whatsoever that [he] had

Page 6 of 8
CF263-12: People v. Aguero, et. al
Decision & Order: Defendant Jesse O. Aguero's Mot. to Dismiss Indictment & Defendant Vanessa M. Aguero's Mot. for Bill of Partiulars

any custody or control over AMA's 8 month old child who was living with her at her boyfriend's residence." Id. at 2. In addition, "[b]ased upon the evidence before the Grand Jury, there is no evidence that A.M.A. was a child under [Defendant Jesse Aguero's] care, custody, or control, nor that Defendant [Jesse] Aguero unreasonably caused or permitted the physical or emotional health of that child to be endangered under the circumstances likely to result in death or serious bodily injury." Id.

The People did not file a written opposition, but orally opposed the motion at the January 7, 2013 motion hearing. The People contend that the Defendant Jesse Aguero is the father of A.M.A. (DOB: 6/18/1995) and grandfather of V.C.A. (DOB: 8/12/2011). The record is devoid of any showing that A.M.A. was ever emancipated from her parents. On that basis, the People argue that the parent has a legal duty to take care of his daughter and unless there is no legal obligation, it seems clear that Defendant was charged accordingly. See Transcript JDAASCRA (1/7/2013) at 9:28:50.

Guam law provides what evidence is to be presented to the Grand Jury:

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2005).

At this juncture, based on the available information, Defendant Jesse O. Aguero is still legally obligated to support A.M.A., a minor, and as an extension, his granddaughter, V.C.A. 8 GCA § 31.45 includes food, clothing, shelter, medical attention and education for purposes of "necessary support." Noting the allegations in the Indictment, charged out as "unreasonably causes or permits the physical or emotional health of that child to be endangered, there is

Page 7 of 8
CF263-12: People v. Aguero, et. al
Decision & Order: Defendant Jesse O. Aguero's Mot. to Dismiss Indictment & Defendant Vanessa M. Aguero's Mot. for Bill of Partiulars

sufficient information brought before the Grand Jury, in that he is the parental unit. Defendant contends that "[t]he evidence presented to the Grand Jury indicated that A.M.A. is the daughter of Defendant [Jesse] Aguero." <u>Def. Jesse O. Aguero's Mot. to Dismiss Indictment</u> at 2 (Oct. 15, 2012). With the provisions set out in Guam's 9 GCA Chapter 31, and not read in isolation, the allegations brought before the Grand Jury is sufficient.

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant Vanessa M. Aguero's Motion for Bill of Particulars and DENIES Defendant Jesse O. Aguero's Motion to Dismiss Indictment.

**SO ORDERED** this ___5___ day of <u>APRIL</u>, 2013.



HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 0 5 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

Page **8** of **8**
CF263-12: People v. Aguero, et. al
Decision & Order: Defendant Jesse O. Aguero's Mot. to Dismiss Indictment & Defendant Vanessa M. Aguero's Mot. for Bill of Partiulars